NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 4 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ESTEBAN HERNANDEZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   15-72945
      15-73559
      16-71207

Agency No. A092-330-324

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 5, 2020
San Francisco, California

Before:  PAEZ, BEA, and FRIEDLAND, Circuit Judges.

Esteban Hernandez petitions for review of the Board of Immigration

Appeals ("BIA") decision denying him relief from removal in the form of

withholding of removal under 8 U.S.C. § 1231(b)(3) and deferral of removal under

the Convention Against Torture ("CAT"). He makes an additional claim that he is

entitled to an injunction against removal under the state-created danger doctrine.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We have jurisdiction under 8 U.S.C. § 1252.[1] We dismiss his petition in part and deny it in part.

1.    We lack jurisdiction to consider Hernandez's claim that the Immigration Judge ("IJ") did not consider the appropriate factors in making her determination that Hernandez had been convicted of a particularly serious crime and thus was ineligible for withholding of removal because Hernandez did not present this argument to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Hernandez's argument that we may address the claim notwithstanding his failure to exhaust it before the BIA is meritless. Although "we may review any issue addressed on the merits by the BIA, regardless of whether the petitioner raised it before the agency," *Parada v. Sessions*, 902 F.3d 901, 914 (9th Cir. 2018), the BIA

---

[1] Section 1252 provides that "[n]otwithstanding any other provision of law . . . no court shall have jurisdiction to review any final order or removal against an alien who is removable by reason of having committed" certain criminal offenses, but preserves jurisdiction over "constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(C)–(D). The United States Supreme Court recently granted certiorari in *Nasrallah v. Barr*, No. 18-1432, which presents the question "[w]hether, notwithstanding Section 1252(a)(2)(C), the courts of appeals possess jurisdiction to review factual findings underlying denials of withholding (and deferral) of removal relief." Petition for a Writ of Certiorari, *Nasrallah v. Barr*, No. 18-1432 (May 14, 2019), *cert. granted*, 140 S. Ct. 428 (Oct. 18, 2019). We decide this case in accordance with current Ninth Circuit precedent, under which we have jurisdiction over Hernandez's challenge to the denial of deferral of removal under the CAT. *See Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012). Because any determination by the Supreme Court that we lack jurisdiction would have no effect on the outcome of this case, we proceed under our existing caselaw.

did not address this claim on the merits. The BIA concluded that Hernandez waived his claim that his conviction for assault with a deadly weapon was not a particularly serious crime because he did "not address[] the issue on appeal." The BIA's statement that it "affirm[ed] the Immigration Judge's determination that [Hernandez's] convictions constituted 'particularly serious crimes'" was not a decision on the merits because the only reason given for affirming the IJ was that Hernandez had waived the issue. We therefore lack jurisdiction over this unexhausted claim.

2.    The agency considered all of the relevant evidence pertaining to Hernandez's application for deferral of removal under CAT. The BIA stated that it agreed with the IJ "that there is insufficient evidence in the record" establishing that Hernandez is entitled to deferral of removal. Such a "general statement that the BIA considered all the evidence . . . suffice[s] where nothing in the record indicates a failure to consider all the evidence," *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 894 (9th Cir. 2018)—and there is no such contrary indication here.

Further, the IJ's decision—which the BIA adopted—shows a consideration of all the relevant evidence. Hernandez is plainly wrong that the IJ failed to consider Dr. Shirk's testimony. The IJ referenced Dr. Shirk's testimony as it related to "the general state of safety and security in Mexico" and more specifically as it discussed the risk of violence to "those with personal connections to organized

3

crime groups." Hernandez is also wrong that the IJ ignored his documentary evidence on country conditions, including State Department and NGO reports on human rights in Mexico. The IJ referenced this documentary evidence in in her decision, noting the "human rights reports on Mexico" that were in the record. Reports contained in Exhibits 6 and 20, which the IJ cited specifically, included the reports Hernandez alleges were ignored. Additionally, the IJ's decision noted Exhibit 16, which contained a 2012 report co-authored by Dr. Shirk titled "Drug Violence in Mexico." The IJ was not required to discuss each of these reports in depth. *See Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011) ("When nothing in the record or the BIA's decision indicates a failure to consider all the evidence, a general statement that the agency considered all the evidence before it may be sufficient.") (quotation marks and alterations omitted). The record shows that the reports and expert testimony were considered, and the IJ's decision was not naïve about the general threat of violence and torture in Mexico.

3. The agency's determination that Hernandez is not likely to be tortured in Mexico was supported by "substantial evidence." *See Blandino-Medina v. Holder*, 712 F.3d 1338, 1348 (9th Cir. 2013). Key to the IJ's reasoning (as adopted by the BIA) that it is unlikely Hernandez will be tortured in Mexico are the findings that there is no evidence that information about his denunciations "will reach members of the Arellano Felix cartel or his father's associates" and that "there is no

4

evidence that his father, the government, or the cartel is even searching for him." The record evidence does not "compel a different conclusion from the one reached by the [agency]." *Xiao Fei Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011).

Interactions between Hernandez and law enforcement agencies have been limited. Hernandez spoke to two Department of Homeland Security ("DHS") investigators more than six years ago, and his letters to other law enforcement agencies have been met with form letter replies. The record contains no evidence any agency has treated Hernandez as an active cooperator, and more importantly, there is no evidence that his limited interactions with law enforcement have been leaked to the cartel or anyone linked to his father.[2]

4. Hernandez is not entitled to an injunction against removal under the state-created danger doctrine. Although Hernandez did not raise this issue to the BIA, we have jurisdiction to address it. *See Morgan v. Gonzales*, 495 F.3d 1084, 1089–90 (9th Cir. 2007). The government may not remove a petitioner to a foreign country where the government, either by entering into a "special relationship" with the petitioner, or through affirmative government action, created the risk that the petitioner will be in danger from third parties if removed. *See Wang v. Reno*, 81

---

[2] Although Hernandez's counsel pointed at oral argument to a letter to the editor in the Los Angeles based Spanish-language newspaper, *La Opinión*, any argument regarding that letter was forfeited because it was not raised in Hernandez's opening brief. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).

F.3d 808, 818 (9th Cir. 1996). Hernandez does not have a "special relationship" with the United States government that could entitle him to an injunction; Hernandez's only relevant interaction with the government consisted of his interaction with DHS investigators more than six years ago. Further, like the petitioner in *Morgan*, Hernandez is unable to identify "affirmative government misconduct," "gross negligence, [or] deliberate indifference," on behalf of the government that increased his risk of danger if he is returned to Mexico. *See Morgan*, 495 F.3d at 1093 (quoting *Wang*, 81 F.3d at 818).

   **5.**   Hernandez's opening brief did not discuss the BIA's denials of his motions to reconsider or reopen his removal proceedings. He therefore waived any argument that these motions were improperly denied. *See Greenwood v. FAA*, 28 F. 3d 971, 977 (9th Cir. 1994).

Hernandez's petition for review is **DISMISSED** regarding his application for withholding of removal and **DENIED** in all other respects.